Jasen, J.
Appellant John N. Mitchell, an attorney admitted to practice in the courts of this State and the former Attorney General of the United States, seeks a reversal of an order of the Appellate Division striking his name from the roll of attorneys and counselors at law. That order was predicated on a judgment of the United States District Court for the District of Columbia rendered upon a jury verdict convicting him of conspiracy (in violation of US Code, tit 18, § 371), obstruction of justice (§ 1503), two counts of making false declarations under oath before a Grand Jury (§ 1623), and perjury in making false declarations under oath before the United States Senate Select Committee on Presidential Campaign Activities (§ 1621). Appellant conceded in his answer below that the elements of perjury under the Federal statute (§ 1621) are the same as the elements of the crime which our penal statute terms perjury in the first degree, a class D felony. (Penal Law, § 210.15.) Under our statute governing the admission to and removal from the practice of law, a person ceases to be an attorney and counselor at law upon being convicted of a felony. (Judiciary Law, § 90, subd 4.) This same section provides that upon presentation of a certified or exemplified copy of the judgment of such conviction, the Appellate Division shall strike the person’s name from the roll of attorneys. This is the procedure which has been followed here.
The single issue raised on this appeal is whether it is constitutionally permissible to disbar an attorney when the sole predicate for such a disbarment, a conviction of a felony, is still subject to appellate review. It appears that an appeal from appellant’s criminal conviction has been filed in the United States Court of Appeals for the District of Columbia, but has not yet been decided. Appellant argues that he has been denied due process of law since his disbarment was based upon a conviction which has not yet been reviewed by the appellate courts.
Appellant does not challenge the rulings of this court that, as a matter of statutory construction, there is no requirement that a conviction of a felony be affirmed by an appellate court before it may be used as the basis for disbarment under subdivision 4 of section 90 of the Judiciary Law. In Matter of Ginsberg (1 NY2d 144, 146, 147) we stated that the "unmistak *156 able meaning of those clear words [of § 90, subd 4] is that after [the date of conviction by the trial court] respondent [the disbarred attorney] was no longer a member of the Bar and no longer competent to practice as such” because he was "ipso facto disbarred by the conviction”. (See, also, Matter of Barash, 20 NY2d 154, 157.) Indeed, subdivision 5 of section 90, which empowers the Appellate Division to vacate or modify the order of disbarment in the event of a reversal upon appeal or an executive pardon, leaves no doubt that the Legislature intended that an attorney be automatically disbarred the moment that a judgment of conviction of a felony is entered by a trial court.
The starting point for a discussion of appellant’s due process claim must be the well-accepted rule that "the requirements of procedural due process must be met before a State can exclude a person from practicing law.” (Willner v Committee on Character, 373 US 96, 102; see, also, Schware v Board of Bar Examiners, 353 US 232, 238-239.) We have said that in the disbarment context, the primary concern is the "protection of the public interest”. (Matter of Levy, 37 NY2d 279, 282.) In our view, this concern for the protection of the public interest far outweighs any interest the convicted attorney has in continuing to earn a livelihood in his chosen profession. Appellant, upon admission to the Bar, became an officer of the court, and, "like the court itself, an instrument or agency to advance the ends of justice.” (People ex rel. Karlin v Culkin, 248 NY 465, 471 [Cardozo, J.].) To permit a convicted felon to continue to appear in our courts and to continue to give advice and counsel would not "advance the ends of justice”, but instead would invite scorn and disrespect for our rule of law. Justice Bradley, writing nearly one hundred years ago, expressed this same fear in language equally applicable to this case and particularly to this attorney: "Of all classes and professions, the lawyer is most sacredly bound to uphold the laws. He is their sworn servant; and for him, of all men in the world, to repudiate and override the laws, to trample them under foot, and to ignore the very bands of society, argues recreancy to his position and office, and sets a pernicious example to the insubordinate and dangerous elements of the body politic. It manifests a want of fidelity to the system of lawful government which he has sworn to uphold and preserve.” (Matter of Wall, 107 US 265, 274.) Under such circumstances the right of a convicted attorney to practice law must *157 succumb to the interests of society to protect and safeguard its legal and judicial systems. "There is no vested right in an individual to practice law. Rather there is a right in the Court to protect itself, and hence society, as an instrument of justice. That to the individual disbarred there is a loss of status is incidental to the purpose of the Court and cannot deter the Court from its duty to strike from its rolls one who has engaged in conduct inconsistent with the standard expected of officers of the Court.” (Matter of Isserman, 345 US 286, 289.) "Membership in the bar is a privilege burdened with many conditions.” (Matter of Rouss, 221 NY 81, 84 [Cardozo, J.].) Appellant’s conviction evidences the fact that he has failed to meet the most important of those conditions, namely, that he obey the very laws which he has sworn to uphold.
Due process considerations do not require that a person convicted of a crime after a full and fair trial on the merits be afforded appellate review. (See Griffin v Illinois, 351 US 12, 18; cf. Lindsey v Normet, 405 US 56, 77.) Defendant’s right to appeal from a judgment of conviction is solely predicated on statute. (US Code, tit 28, § 1291.) Certainly, if appellant was given no right to appeal, his judgment of conviction would be' final for all purposes. Even though appellant here was afforded a right to appeal, this judgment of conviction is entitled equal respect as a final judgment on the merits unless and until reversed upon appeal. Mr. Mitchell has had his day in court, and has had every opportunity to refute the charges made against him. In convicting him, a jury of his peers has credited the testimony of his accusers and rejected whatever defenses and evidence he may have set forth. A strong presumption of regularity attaches to that judgment of conviction. (People v Bell, 36 AD2d 406, 408, affd without opn 29 NY2d 882.) Thus, we are of the view that an attorney convicted of a felony has no constitutional right to practice law pending an appeal of his conviction, any more than any other convicted person has a constitutional right to be at liberty pending an appeal. (See People ex rel. Epton v Nenna, 25 AD2d 518.)
We therefore conclude that appellant has not suffered a deprivation of due process of law by the fact that he has been disbarred during the pendency of an appeal of his conviction of a felony which formed the basis for his disbarment. Accordingly, the order of the Appellate Division should be affirmed.
*158 Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, with costs.