**William Ray GREEN, Appellant,**

v.

**COUNTY ATTORNEY OF ANDERSON COUNTY, Appellee.**

**No. 1187.**

Court of Civil Appeals of Texas, Tyler.

Dec. 13, 1979.

A. D. Henderson, Palestine, for appellant.

Alex Nemer, II, County Atty., Palestine, Terry M. Thorn, Paxton, Whitaker & Parsons, Palestine, for appellee.

Before SUMMERS, C. J., and MOORE and McKAY, JJ.

SUMMERS, Chief Justice.

This is an appeal from the trial court's interlocutory order which suspended William Ray Green, appellant, as District Attorney pending trial of the case at bar on its merits and the appeals of his criminal conviction in Travis County and a judgment of disbarment in Anderson County, and ordering the appointment of an attorney or attorneys pro tem pending trial of the case on its merits.

The County Attorney of Anderson County filed this suit seeking the suspension of Appellant Green as District Attorney for the Third Judicial District of Texas pursuant to Article 332d, Sec. 10(d), Texas Revised Civil Statutes,[1] and for the appointment of an attorney pro tem for said judicial district pursuant to Article 2.07 of the Texas Code of Criminal Procedure. Suit was filed on April 4, 1978, and on the same day a Notice of Hearing to Show Cause was issued and served on Mr. Green directing that he appear before the court on April 17, 1978, at 10:00 o'clock A.M. "to show cause why he should not be, pursuant to Article 332d, Sec. 10(d), suspended as District Attorney pending the appeals of his criminal conviction for Public Lewdness and the disbarment rendered against him, and to show cause why an attorney or attorneys pro tem should not be appointed to represent the State of Texas in the Third Judicial District during the period of his suspension and disqualification."

At the hearing on April 17, 1978, both parties were present with their attorneys, and appellant filed his motion to quash service of process and plea in abatement. After considering said motion and plea, the court announced that the hearing on that date would not be for final action on the merits but instead would be limited to the show cause order as an ancillary matter; that the motion and plea would be overruled as to the ancillary hearing on that date but not as to trial on the merits.

Thereupon, the court proceeded with the ancillary hearing; and after considering the pleadings, evidence and argument of counsel, entered an interlocutory order pendente lite suspending the appellant as District Attorney for the Third Judicial District of Texas pending trial of this case on its merits and the appeals of his criminal conviction in Travis County and the judgment of disbarment in Anderson County and ordering that an attorney or attorney pro tem be appointed pending trial on the case at bar on its merits.

From this adverse order, appellant now predicates this appeal upon two points of error.

We affirm.

█ The record before us is without findings of fact or conclusions of law. Under these circumstances, the well-settled rule is that the appellate court is required to affirm the judgment rendered by the trial court if it can be sustained on any reasonable theory authorized by law and supported by the evidence. *Bishop v. Bishop*, 359 S.W.2d 869, 871 (Tex.1962); *Sanders v. Republic National Bank of Dallas*, 389 S.W.2d 551, 554 (Tex.Civ.App.—Tyler 1965, no writ).

The evidence shows that on May 25, 1977, appellant was found guilty of the offense of public lewdness in the case of *The State of Texas v. Bill Green,* Cause No. 161,963, in the County Court at Law No. One of Travis County, Texas. This offense is a Class A Misdemeanor and considered by this court to be a crime involving moral turpitude. "Moral turpitude" is defined as an act of baseness, vileness, or depravity in the private and social duties which a man owes to his fellow men or to society in general, contrary to the accepted and customary rule of right and duty between man and man.

1. *All references to statutes are to Texas Revised Civil Statutes unless otherwise noted.*

*Traders and General Insurance Company v. Russell*, 99 S.W.2d 1079, 1084 (Tex.Civ.App. —Fort Worth 1936, writ dism'd). This conviction was being appealed to the Court of Criminal Appeals at the time this suit was filed, and the Court of Criminal Appeals has subsequently affirmed this case. *Green v. State*, 566 S.W.2d 578 (Tex.Cr.App.1978).

The record further shows that on February 15, 1978, a judgment of disbarment was rendered against appellant in the case of The State of Texas v. William Ray Green in Cause No. 4952 in the 87th Judicial District Court of Anderson County, Texas, which judgment enjoined appellant from practicing law or holding himself out as a licensed attorney. This judgment was in process of being appealed to the 12th Court of Civil Appeals at the time this suit was filed and has now been affirmed by this court. William Ray Green, appellant v. The State of Texas, appellee, No. 1214, opinion delivered September 27, 1979.

■ Appellant, by his first point of error contends that the trial court erred in overruling appellant's motion to quash service. Appellant argues that the motion to quash service should have been sustained by the trial court because appellant had not been served with a citation requiring appearance on the first Monday after the expiration of twenty (20) days from the date of service.

At the preliminary hearing on appellant's motion to quash and plea in abatement, the trial court stated that, before a hearing could be had on the final merits of this case, it would be necessary for a citation to be issued and served upon appellant pursuant to the applicable Texas Rules of Civil Procedure. Rules 15, 99 and 101.[2] Accordingly, the trial court announced that the hearing on April 17, 1979, would not be on the final merits of the case, but instead would be limited to the show cause order as an ancillary matter. Furthermore, the court limited its ruling on appellant's motion to quash service of process to overruling such motion only as to the hearing of ancillary matter pendente lite on April 17, 1979.

The record shows that the Notice of Show Cause Hearing, with copy of the petition and court's order setting hearing attached, was personally served on appellant on April 4, 1979, the day suit was filed and 13 days before the hearing date on April 17, 1979. Although under the applicable rules, such notice would not suffice for a final hearing on the merits, we agree with the trial court that such notice would be adequate and would be in accordance with due process for consideration of an interlocutory order on the ancillary matter of suspending the District Attorney and ordering the appointment of an attorney pro tem pendente lite. Rule 21a.

■ As stated above, the judgment of disbarment was rendered against appellant Green on February 15, 1978. The legal effect of the disbarment judgment was to disbar Green as an attorney at law as of the time of the rendition of that decree, and such disbarment continued in effect during the pendency of the appeal. Title 14, Art. 12, Sec. 30, Appendix to the State Bar Act, Article 320a–1; *Phagan v. State*, 510 S.W.2d 655, 659 (Tex.Civ.App.—Fort Worth 1974, writ ref'd n. r. e.).

Article 332 provides that no person who is not a duly licensed attorney at law shall be eligible to the office of District Attorney. Article 2.01 of the Texas Code of Criminal Procedure provides that it shall be the duty of the District Attorney to represent the State in all criminal cases in the district courts of his district.

■ Upon being disbarred appellant ceased to be eligible to hold and possess the office. Although he no longer had the qualifications that were necessary for one to have in order to hold such office, he continued to claim the office and pay of District Attorney for the Third Judicial District and refused to relinquish such office.

In *Phagan v. State*, supra, that being a quo warranto action brought to oust an incumbent from the office of district attorney, the court stated at page 661:

**2.** All references to Rules are to Texas Rules of Civil Procedure unless otherwise noted.

"The office became vacant when he [Phagan] was disbarred and the State was entitled to judgment declaring the office vacant and ousting him from it."

At page 662, the court further stated:

"Following the rendition of the disbarment decree a duty on his part arose to relinquish the office of District Attorney. (Citing authorities.)

"When appellant failed to perform his duty to relinquish the office of District Attorney he became a usurper of the office.

"It was then, when he became a usurper of the office, that the cause of action for ouster from the office by quo warranto arose."

In the instant case, suit was filed for suspension pursuant to Article 332d, Sec. 10(d), which provides as follows:

"A prosecuting attorney *shall* be suspended from office when:

(1) he has been disbarred or suspended from the practice of law in the State of Texas, whether through trial or upon agreement;

(2) he has been found guilty in a court of competent jurisdiction of any felony or any misdemeanor involving moral turpitude;

(3) a finding of incompetency or misconduct following a trial on the merits of a petition for removal." [Emphasis added.]

█ The word "shall" as used in said statute has a particular significance in this case. In statutory construction, the word "shall" is generally construed to be mandatory. *Moyer v. Kelley*, 93 S.W.2d 502, 503 (Tex.Civ.App.—San Antonio 1936, writ dism'd); *Brinkley v. State*, 167 Tex.Cr.R. 472, 320 S.W.2d 855, 856 (1958); 53 Tex. Jur.2d Statutes Sec. 16, p. 30 (1964).

█ Furthermore, a statutory provision is generally regarded as mandatory where the power or duty to which it relates is for the public benefit, good, interest or protection, for the security of public rights, or for the advancement of public justice. 73 Am. Jur.2d Statutes Sec. 26 pp. 283–284.

█ The fundamental rule is to ascertain and give effect to the legislative intent. In determining whether the legislature intended the particular provision to be mandatory or merely directory, consideration should be given to the entire act, its nature and object, and the consequences which would follow from each construction. *Chisholm v. Bewley Mills*, 155 Tex. 400, 287 S.W.2d 943, 945 (1956).

In Black's Law Dictionary, Fifth Edition, page 1233, it is said:

"[Shall] has the invariable significance of excluding the idea of discretion, and has the significance of operating to impose a duty which may be enforced, particularly if public policy is in favor of this meaning, or when addressed to public officials, or where a public interest is involved, or where the public or persons have rights which ought to be exercised or enforced, unless a contrary intent appears."

█ Applying the foregoing principles, we hold that Article 332(d), Sec. 10(a) provides for a mandatory suspension of a prosecuting attorney when one of the three (3) conditions set forth therein are met. In this case, the first two, namely, (1) disbarment from the practice of law in Texas, and (2) conviction of a misdemeanor involving moral turpitude have been established by the evidence herein.

Article 332d, Sec. 10(m) provides as follows:

"Upon disqualification or suspension of a prosecuting attorney, the duties of his office shall be performed by a prosecuting attorney pro tem as otherwise provided by law."

Article 207(a) Texas Code of Criminal Procedure provides that whenever an attorney for the state is disqualified to act in any case or proceeding, or is otherwise unable to perform the duties of his office, or where there is no attorney for the state, the judge of the court in which he represents the state may appoint any competent attorney to perform the duties of the office during the absence or disqualification of the attorney for the state.

The show cause hearing held by the trial court gave appellant ample opportunity to challenge both the disbarment judgment and criminal conviction as well as an opportunity to argue against his suspension and the appointment of an attorney pro tem pendente lite. He chose not to do so nor to ask for a continuance to further prepare his case. Appellant's first point of error is overruled.

In his second point of error, appellant contends that the trial court erred in over-ruling appellant's plea in abatement. In such plea the appellant states that this action has not been instituted as a result of a majority vote of the Prosecutors Coordinating Council, that the conditions precedent set out in Article 332d have not been complied with, and that this action has been prematurely filed.

▆ The trial court overruled the appellant's plea in abatement only as to the ancillary hearing pendente lite held on April 17, 1979, reserving his ruling as to a final hearing on the merits.

Article 332d, Sec. 10(g)(1) provides as follows:

"After investigation of a complaint of prosecutor incompetency or misconduct, the council *may, in its discretion,* issue a private reprimand, order a hearing to be held before the council, or request the supreme court to appoint a master to hold a hearing." [Emphasis added.]

It is further provided in Article 332d, Sec. 10(k) that "[i]f, after examining the records and proceedings before it, the council finds *by majority vote of the council membership* good cause therefor, it shall cause to be filed in the district court of the county in which the prosecuting attorney resides a petition for removal. Such petition shall be filed in the name of the State of Texas and docketed on the civil docket of the court."

We consider that Article 332d, Sec. 10(d), which provides for a mandatory suspension of a prosecuting attorney when one of three conditions are met, is controlling in the instant case. The record shows that at the time suit was filed for suspension appellant had been already disbarred through trial and had been convicted of a misdemeanor crime involving moral turpitude. There was no need for an investigation by the Prosecutors Coordinating Council and exercise of discretion under Article 332d, Sec. 10(g)(1); likewise there was no need to await a "majority vote of the council membership" for the filing of a suit for removal under Article 332d, Sec. 10(k).

Article 332d, Sec. 10(d) is quite explicit and by its terms does not require any action by the Prosecutors Coordinating Council when, as here, a prosecuting attorney has been disbarred from the practice of law by a disbarment judgment rendered against him and he has been convicted of a misdemeanor crime involving moral turpitude. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.