Frank A. CARTER, Jr., Chief
Disciplinary Counsel

v.

Salvatore L. ROMANO, Jr.

No. 81–40–M.P.

Supreme Court of Rhode Island.

March 3, 1981.

Frank A. Carter, Jr., pro se.

Kirk Y. Griffin, Griffin & Higgins, Boston, Mass., John A. O'Neill, Providence, for defendant.

OPINION

PER CURIAM.

The respondent attorney was convicted on September 4, 1980, pursuant to Indictment 79–1370, of conspiracy, perjury, injury to communication lines, and receiving stolen goods. All of the foregoing offenses constituted felonies. The respondent duly filed appeals from the judgments of conviction.

Thereafter, in accordance with Rule 42–12(a) of the Rules Regarding Attorneys and Counselors of this court, an order issued to the respondent attorney to show cause why he should not be suspended during the pendency of his appeal from the foregoing convictions. Pursuant to the show-cause order, a hearing was held on October 16, 1980, during which respondent appeared with counsel. Action was withheld in re-spect to suspension pending receipt of memoranda from counsel for respondent. Subsequently, a memorandum was filed by counsel for respondent and also by disciplinary counsel.

In a number of jurisdictions the constitutionality of interim suspension during the pendency of an appeal of an attorney who has been convicted of a crime involving moral turpitude has been considered. Such suspensions have generally withstood attack on constitutional grounds. *In re Bogart*, 9 Cal.3d 743, 108 Cal.Rptr. 815, 511 P.2d 1167 (1973), *appeal dismissed*, 415 U.S. 903, 94 S.Ct. 1395, 39 L.Ed.2d 1395 (1974); *Attorney Grievance Commission v. Reamer*, 281 Md. 323, 379 A.2d 171 (1977); *State v. Denton*, 598 P.2d 663 (Okl.1979); *Green v. County Attorney*, 592 S.W.2d 69 (Tex.1979). In passing upon the balancing of the right of an attorney to due process and the interest of the public, the Supreme Court of Maryland observed in *Reamer*:

"Applying this 'balancing of interests' test * * * the basic requirements of due process, for the purposes of this suspension proceeding, were clearly afforded Reamer at his criminal trial. * * * And, as we have already indicated, the interest of the convicted attorney in maintaining his practice in such circumstances is outweighed by the need to maintain public confidence in the legal profession. As the Supreme Court of Florida said in *The Florida Bar v. Prior*, 330 So.2d 697 (Fla. 1976):

'If the law is to be respected, the public must be able to respect the individuals who administer it. By failing to swiftly discipline an attorney found guilty of a serious offense we necessarily impair the public's confidence in the law and in this Court's willingness to enforce the law evenhandedly.' " [citations omitted] *Attorney Grievance Commission v. Reamer*, 281 Md. at 333–34, 379 A.2d at 177.

The court went on to say that it is not a deprivation of due process that the interim suspension provisions of the Maryland rule apply prior to the conclusion of the appellate process.

In a similar proceeding, the Court of Appeals of New York in *Mitchell v. Association of the Bar of New York*, 40 N.Y.2d 153, 351 N.E.2d 743, 386 N.Y.S.2d 95 (1976), upheld the summary disbarment of the former Attorney General of the United States. In sustaining the constitutionality of the New York procedure, the Court of Appeals stated:

"To permit a convicted felon to continue to appear in our courts and to continue to give advice and counsel would not 'advance the ends of justice', but instead would invite scorn and disrespect for our rule of law. * * * Under such circumstances the right of a convicted attorney to practice law must succomb to the interests of society to protect and safeguard its legal and judicial systems." *Id.* at 156–57, 351 N.E.2d at 745–46, 386 N.Y.S.2d at 97.

In addition to the foregoing cases, it is worth noting that the Model Federal Rules of Disciplinary Enforcement prepared by the Standing Committee on Professional Discipline of the American Bar Association, approved by the House of Delegates of the American Bar Association on February 14, 1978, and further approved by the Judicial Conference of the United States in September 1978 provides for the suspension of any attorney convicted of

"a serious crime * * * whether the conviction resulted from a plea of guilty or nolo contendere or from a verdict after trial or otherwise and regardless of the pendency of any appeal, until final disposition of a disciplinary proceeding to be commenced upon such conviction." ABA Model Federal Rules of Disciplinary Enforcement, Rule I(A).

The Model Federal Rules define "serious crime" to include any felony and many lesser crimes involving moral turpitude.

The cases cited *seem clearly* to uphold the constitutionality of interim suspension. Rule 42–12(a), (e) specifically authorizes the suspension of a convicted attorney during the pendency of an appeal in the following terms:

"Attorneys convicted of crimes.—(a) Upon the filing with this court of a certified copy of an order demonstrating that an attorney has been convicted of a crime which is punishable by imprisonment for more than one year in this or any other jurisdiction, this court may direct the respondent-attorney to show cause why he should not be suspended during the pendency of any appeal and until the final disposition of any disciplinary proceeding instituted against him based upon such conviction.

" * * *

"(e) An attorney suspended under the provisions of (a) above will be reinstated immediately upon the filing with this court of a certificate demonstrating that the underlying conviction for such a crime has been reversed or vacated, but the reinstatement will not terminate any formal proceeding then pending against the attorney."

Since interim suspension is constitutionally permissible and specifically authorized by the rule, it is a question of policy for this court to determine whether such interim suspension shall be applied. We are persuaded by the authorities set forth above that the better policy requires prompt action by this court to implement the provisions of Rule 42–12(a). As the Court of Appeals of New York in *Mitchell, supra*, has suggested:

"[A] judgment of conviction is entitled [to] * * * respect as a final judgment on the merits unless and until reversed upon appeal * * *. A strong presumption of regularity attaches to that judgment of conviction." [citations omitted] *Mitchell v. Association of the Bar of New York*, 40 N.Y.2d at 157, 351 N.E.2d at 746, 386 N.Y.S.2d at 97.

There can be no question in the case at bar that the respondent attorney has been convicted of a number of serious offenses involving moral turpitude. We are in agreement with many other courts that have passed upon similar questions that the respect for law in this jurisdiction would be greatly diminished if this attorney were permitted to continue to practice his profes-

sion during the pendency of an appeal from his convictions.

Therefore, for the reasons stated, we hereby order that the respondent be suspended from the practice of law beginning March 20, 1981, and continuing until further order of this court. He is directed to furnish the clerk of this court on or before March 16, 1981, with the names and addresses of all clients presently represented by him. The effective date of this order has been deferred so that there will be a reasonable period of time during which arrangements can be made to protect the interests of respondent's clients.

Further, in accordance with Supreme Court Rule 42–12(c), the matter is referred to the Disciplinary Board for the institution of a formal disciplinary proceeding that will be brought to hearing after appeals from the convictions are concluded.