ORDER
The respondent is a member of the Bar of this state. On September 17, 1981, a Superior Court jury returned guilty verdicts on each of two counts of a criminal information which charged the respondent with threatening on two separate occasions in October 1980 to place a bomb in the Kent County Courthouse. Each conviction represents a violation of G.L. 1956 (1981 Reenactment) § 11-13-9. Later, the trial justice denied the respondent’s motion for a new trial, and on November 10,1981, the respondent received a three-year prison sentence with execution of the sentence being suspended during a probationary period of five years.
Subsequently, on December 17, 1981, respondent, accompanied by counsel, appeared before us in response to our order to show cause why he should not be suspended from the practice of law while his appeal is pending before us. Our order was entered pursuant to the provisions of this court’s Rule 42-12(a). At the show-cause hearing, respondent’s attorney described his client’s behavior as a “prank” which was designed to demonstrate the alleged inadequacy of the courthouse’s security system. Before us, reference was also made to remarks made by the trial justice when, in sentencing respondent, the trial justice alluded to respondent’s continuous “testing the authority of society” and then, in describing respondent, observed, “you perhaps are more clown than criminal; more fool than felon.”
We believe that respondent’s motives are of no moment. There can be no question but that at this time he stands convicted of two serious offenses, and, as this court noted in Carter v. Romano, R.I., 426 A.2d 255, 256-57 (1981), “respect for law in this jurisdiction would be greatly diminished if this attorney were permitted to continue to practice his profession during the pendency of an appeal from his convictions.” What we said in Romano applies with equal force here.
Consequently, we order that the respondent be suspended from the practice of law beginning February 1, 1982, and remain in that status until further order of the court. He is also ordered to furnish on or before January 15, 1982, to the Clerk of this court the names and addresses of all clients presently represented by him. The effective date of this suspension has been deferred so that those interested clients may take such measures as they deem necessary to protect *1264 their rights. It is further ordered that this matter be referred to the Disciplinary Board for appropriate action in accordance with our Rule 42-12(c).