

# THE ATTORNEY GENERAL
## OF TEXAS

October 15, 1986

JIM MATTOX
ATTORNEY GENERAL

Honorable Lloyd Criss
Chairman
Committee on Labor and
    Employment Relations
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No. JM-561

Re: Whether the State Board of Insurance is authorized or required by article 5.76-1, to ascertain whether insurance companies are providing accident prevention services to insured Texas employers

Dear Representative Criss:

You ask about the authority and responsibility of the Texas Board of Insurance to enforce the provisions of article 5.76-1 of the Texas Insurance Code. Section (a) of article 5.76-1 provides that "[a]ny insurer desiring to write [workers'] compensation insurance in Texas shall maintain or provide accident prevention facilities as a prerequisite for a license to write such insurance."[1] Sections (c) and (d) set forth the authority and duties of the board. Section (c) delegates certain investigative duties to the Commissioner of Insurance, directs the State Board of Insurance to hold a hearing, and states: "[i]f it is determined that the insuror is not in compliance, its license to write [workers'] compensation insurance in Texas shall be revoked." Additionally, section (d) grants the State Board of Insurance rulemaking authority to enforce article 5.76-1. Your question requires a determination of whether sections (c) and (d) are mandatory or directory.

Section (d) provides in full:

> The State Board of Insurance <u>may</u> promulgate reasonable rules and regulations for the enforcement of this Article after holding a public hearing on the proposed rules and regulations. (Emphasis added).

---

1. The nature of the "facilities" or "services" required is set forth in sections (a) and (b) of article 5.76-1, V.T.C.S. The final order in the initial licensing proceeding should also describe specific licensing requirements.

Legislative intent controls whether a statutory provision is mandatory or directory. Chisholm v. Bewley Mills, 287 S.W.2d 943, 945 (Tex. 1956); Attorney General Opinion JM-496 (1986). Consideration should be given to the entire act, its nature and object, and the consequences which would flow from a mandatory or directory construction. Chisholm, 287 S.W.2d at 945. Section (d) states that the board "may" promulgate rules and regulations to enforce article 5.76-1. Although it is not alone determinative, the form of the adverb, such as "may," "shall," or "must," used in a statute is the single most important textual consideration in deciding whether the statute is mandatory or directory. Sutherland Statutory Construction §57.03, at 643 (4th ed. 1984 rev.); cf. Attorney General Opinion JM-496 (command that act be performed within certain time period may require different construction). The use of "may" ordinarily denotes a grant of discretionary authority. As will be shown in the discussion to follow of section (c), the legislature intended that the board have discretion in determining whether to proceed by general rulemaking or on a case by case basis. The focus of article 5.76-1 as a whole is on the qualifications for licensing of particular insurers. For these reasons, section (d) cannot reasonably be construed as mandatory. Cf. Attorney General Opinion JM-496 (even if a duty imposed is directory rather than mandatory, a public official cannot totally ignore the duty).

Your request letter asserts that "[r]arely does the Legislature grant rulemaking authority to an agency with the intent that the agency fail to assume the responsibility so conveyed." As a general rule, when the legislature acts on a particular subject, an administrative agency may not act on the subject in a manner which nullifies the legislature's action even if the subject is within the agency's general regulatory field. State v. Jackson, 376 S.W.2d 341, 344-45 (Tex. 1964); Martinez v. Texas Employment Commission, 570 S.W.2d 28, 31 (Tex. Civ. App. - Corpus Christi 1978, no writ). Although it is conceivable that an agency's inaction could nullify legislative action, this rule usually applies to the actions of administrative agencies -- not to an agency's inaction.

Nevertheless, a type of remedy for your concerns regarding rulemaking under section (d) does exist. The procedure for the adoption of rules by the State Board of Insurance is governed by article 6252-13a, V.T.C.S., the Administrative Procedure and Texas Register Act (APTRA). See, e.g., State Board of Insurance v. Deffebach, 631 S.W.2d 794 (Tex. App. - Austin 1982, writ ref'd n.r.e.). Section 11 of the APTRA provides:

> Any interested person may petition an agency requesting the adoption of a rule. Each agency shall prescribe by rule the form for petitions and the procedure for their submission, consideration, and disposition. Within 60 days after submission of a petition, the agency either shall deny the

> petition in writing, stating its reasons for the
> denial, or shall initiate rulemaking proceedings
> in accordance with Section 5 of this Act.

Although this section does not require the agency to adopt a particular rule, it does require the agency to state, in writing, its reasons for denying a petition.

Not all problems which may arise under article 5.76-1, however, can be dealt with through rulemaking proceedings. As indicated previously, the focus of article 5.76-1 is on the qualifications for licensing of particular insurers. Some matters may require an adjudicative hearing. Significant procedural and substantive consequences flow from an agency's decision in a particular matter to proceed by rulemaking rather than by adjudication. State Board of Insurance v. Deffebach, 631 S.W.2d at 799. Generally, unless mandated by statute, the choice by an agency to proceed by general rule or by adjudicative hearing is within the agency's informed discretion. Id. In cases where a single party or a small, well-defined group will be affected by the proposed action, however, adjudication may be necessary. The due process clause of the Fourteenth Amendment to the United States Constitution may require adjudication even where no Texas statute does so. See Londoner v. Denver, 210 U.S. 373 (1908); compare Bi-Metallic Investment Co. v. State Board of Equalization, 239 U.S. 441 (1915). The APTRA requires adjudication in "contested cases," which include but are not restricted to licensing cases. Art. 6252-13a, §13; see Big D Bamboo, Inc. v. State, 567 S.W.2d 915 (Tex. Civ. App. - Beaumont 1978, no writ). Additionally, section (c) of article 5.76-1 expressly requires an individual hearing prior to the revocation of an insurer's license. Accordingly, the procedures provided in section 11 of the APTRA for a petition for rulemaking cannot apply to a challenge to the license of a particular insurer.

Your questions also require a determination of whether section (c) is mandatory or directory. Unlike the language of section (d), the language of section (c) uses the term "shall." Section (c) provides:

> If the Commissioner of Insurance shall determine that reasonable accident prevention services are not being maintained or provided by the insuror or are not being used by the insuror in a reasonable manner to prevent injury to employees of its policyholders, the fact shall be reported to the State Board of Insurance and the Board shall order a hearing to determine if the insuror is not in compliance with this Article. If it is determined that the insuror is not in compliance, its license to write workmen's compensation

insurance in Texas <u>shall be revoked</u>.   (Emphasis added).

As indicated, determining whether a provision is mandatory or merely directory requires consideration of the entire act, its nature and object, and the possible consequences of each alternative construction.  The language of article 5.76-1 with regard to licensing is clear.  If the board determines that an insurer is not in compliance with article 5.76-1, the board "shall" revoke the insurer's license to write workers' compensation insurance.  Further, section (a) of article 5.76-1 states that an insurer "<u>shall</u> maintain or provide accident prevention facilities as a <u>prerequisite</u> for a license to write [workers' compensation] insurance."  The word "shall" is generally construed to be mandatory.  <u>Green v. County Attorney of Anderson County</u>, 592 S.W.2d 69, 73 (Tex. Civ. App. – Tyler 1979, no writ).

Further, a statute is usually interpreted as mandatory where the duty described is for the public benefit or protection, for the security of public rights, or for the advancement of public justice. <u>Id.</u>  The accident prevention services required by article 5.76-1 are clearly for the benefit of Texas workers.  Consequently, a reasonable interpretation of section (c) requires the conclusion that the State Board of Insurance has a mandatory duty to determine whether insurers who are licensed to write workers' compensation insurance in Texas comply with article 5.76-1.  If the board determines, after a hearing, that an insurer does not comply with article 5.76-1, the board must revoke its license to write workers' compensation insurance in Texas.

## S U M M A R Y

The Texas Board of Insurance has a mandatory duty under article 5.76-1(c) to revoke an insurer's license to write workers' compensation insurance in Texas if the board determines, after an adjudicative hearing, that the insurer does not comply with article 5.76-1.  Section (d) of article 5.76-1 does not require the board to enforce article 5.76-1 through rulemaking.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General