

# THE ATTORNEY GENERAL
## OF TEXAS

April 6, 1987

JIM MATTOX
ATTORNEY GENERAL

Tyler A. Baker, D.C.
President
Texas Board of Chiropractic
  Examiners
1300 E. Anderson Lane
Building C, Suite 245
Austin, Texas   78752

Opinion No. JM-668

Re: Requirements for licensure
by reciprocity under section 9
of the Texas Chiropractic Act,
article 4512b, V.T.C.S.

Dear Dr. Baker:

As president of the Texas Board of Chiropractic Examiners, you ask about the requirements for licensure by reciprocity in Texas. Section 9 of article 4512b, V.T.C.S., provides in part:

> The Texas Board of Chiropractic Examiners shall upon payment by an applicant of a fee grant license to practice chiropractic to licentiates of other states or territories having <u>requirements and practices equal to those established by the laws of this State.</u> (Emphasis added).

The requirements for licensure in Texas include the completion of certain basic science college courses. <u>See</u> art. 4512b, §10(d). You indicate that certain other states require applicants to pass examinations in basic science courses but do not require the completion of the courses in college. You ask whether this constitutes "requirements and practices equal to those established by the laws of this State." In specific, you want to know whether you may deny a license to an applicant solely on the basis that the state in which the applicant is licensed does not require the completion of these basic science courses in college.

Prior to the enactment of article 4512b, the Basic Sciences Law required all applicants for licensing in the "healing arts" to obtain a certificate of proficiency in anatomy, physiology, chemistry, bacteriology, pathology, and hygiene and public health. <u>See</u> V.T.C.S. art. 4590c, §1; <u>repealed</u> by Acts 1979, 66th Leg., ch. 556, §4, at 1151, 1153. This requirement applied to chiropractors. Attorney General Opinion H-1110 (1978). The certificate of proficiency could be obtained either by passing an examination or by completing college courses in the basic sciences. <u>Id.</u> The legislature repealed the Basic Science Law in 1979. Acts 1979, 66th Leg., ch. 556, §4, at

1151, 1153. Article 4512b incorporates these basic science courses in subsection 10(d) which now requires

> the satisfactory completion of courses in anatomy, physiology, chemistry, bacteriology, pathology, hygiene and public health with an average of seventy-five percent (75%) or better in each of the courses. (Emphasis added).

Section 10(d) does not list testing in the basic sciences as an alternative to course completion.

You ask whether the completion of courses in the basic sciences constitutes one of the requirements referred to in section 9 of article 4512b. By the plain language of section 10(d) of article 4512b, Texas law regarding chiropractic licensure requires the actual completion of these basic science courses. The board may therefore consider this requirement as one of the requirements for licensure by reciprocity under section 9. The board may do so, however, only in a reasonable manner. For example, section 10(d) may require the completion of courses in a particular sequence. This sequence requirement may not be imposed unreasonably to deny licensure by reciprocity. See generally Attorney General Opinion JM-512 (1986). Additionally, credits for the completion of college courses may, in some instances, be obtained through college examinations for advanced credit. The phrase "equal to" in section 9 must be interpreted to mean the substantial equivalent of rather than identical to; otherwise, no chiropractor could be licensed by reciprocity.

As indicated, section 9 provides, in pertinent part, that the board "shall . . . grant license to practice chiropractic to licentiates of other states or territories having requirements and practices equal to those established" in Texas. The word "shall" is generally construed to be mandatory. Green v. County Attorney of Anderson County, 592 S.W.2d 69, 73 (Tex. Civ. App. - Tyler 1979, no writ); Attorney General Opinion JM-561 (1986). The ultimate question is one of legislative intent. The legislature must have intended that if the licensing requirements of the other state or territory are the reasonable equivalent to the requirements imposed in Texas, including the completion of college courses in the basic sciences, the board must grant a license to an applicant licensed in the other state.

This conclusion does not mean that the board must refuse to issue a license to an applicant solely on the basis that the applicant is licensed in a state which does not have requirements identical to those imposed in Texas. As indicated, some states require applicants to pass examinations in basic science courses but do not require the completion of the courses in college. The board could determine, in its discretion and upon investigation, that the other state's testing requirements in the basic sciences constitute the substantial equivalent of Texas' requirements. Moreover, in many instances, an

applicant from another state may in fact meet Texas' basic science course requirements. The applicant may have actually completed all of the basic science courses required by Texas law in the process of preparing for the other state's examination in the basic sciences.

Denial of licensure by reciprocity to an applicant who meets all of the requirements imposed upon Texas applicants solely on the basis that the non-Texas applicant is licensed in a state which does not itself impose the same requirements would raise serious questions under the Fourteenth Amendment to the United States Constitution. A state cannot exclude a person from an occupation in a manner or for reasons that contravene the due process or equal protection clauses of the Fourteenth Amendment. Schware v. Board of Bar Examiners, 353 U.S. 232, 238-39 (1957); see also U.S. Const. art. IV, §2 (privileges and immunities clause); Supreme Court of New Hampshire v. Piper, 470 U.S. 274 (1985); Attorney General Opinion JM-348 (1985). A state may apply different laws to different classes of persons without violating the equal protection clause, but the Fourteenth Amendment prohibits the different treatment of "similarly situated" persons.

## S U M M A R Y

If the chiropractic licensure requirements of another state or territory are the reasonable equivalent of the requirements imposed in Texas, and include the completion of certain basic science college courses required under section 10(d) of article 4512b, V.T.C.S., section 9 of article 4512b requires the Texas Board of Chiropractic Examiners to grant a license to an applicant licensed in the other state. This section does not, however, require the board to refuse to issue a license to an applicant solely on the basis that the applicant is licensed in a state which does not have requirements identical to those imposed in Texas.

Denial of licensure by reciprocity to an applicant who actually meets all of the requirements imposed upon Texas applicants solely because the non-Texas applicant is licensed in a state which does not itself impose the same requirements would raise serious questions under the Fourteenth Amendment to the United States Constitution.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General