[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has filed this presentment against the respondent, a lawyer who was admitted to the Connecticut bar on August 19, 1965, based on his conviction on March 28, 1988, for the sale of cocaine by a person who is not drug-dependent in violation of Section 21a-278 (b) of the General Statutes for which he was sentenced to the statutory five year mandatory minimum term of imprisonment which he is now serving after having exhausted his appeals from that conviction.
The respondent was convicted on the criminal charge after a court trial in which the court found that on November 18, 1986, a known drug trafficker, Thomas Cardillo, flew from Tampa, Florida, to Hartford, that he went to the respondent's house in Simsbury that evening, where two packages of cocaine, one of 300 grams and the other, 200 grams, were weighed, and that "Cardillo paid the defendant approximately $16,000.00 for the 500 grams of cocaine." State v. Sherbacow, 21 Conn. App. 474,476. In the course of the trial, the defendant presented no evidence of drug dependency nor did he make any such claim on his appeal, in which he relied principally on the argument that Cardillo's testimony was "inherently incredible" and should not have been accepted by the court as the trier of fact. Id. 478 n. 3, 479-80.
At the hearing on the presentment, the respondent denied having any problems with drugs or alcohol and stated that he had not experienced any significant psychiatric or emotional problems. He renewed the claims that he had made after the trial and on his appeal that he had been convicted solely CT Page 7029 upon the perjured testimony of known drug traffickers who were unworthy of belief.
He also offered in evidence the presentence investigation report prepared by the office of adult probation for his sentencing on May 12, 1988, which includes a summary of his professional career from the time of his admission to the bar until his arrest on the narcotics charge in December of 1986. After serving as a federal public defender for two years, and as an assistant U.S. attorney in the District Court in Hartford for three years, he entered private practice in 1970 where, the report notes, he earned a substantial income and enjoyed a good reputation in the legal community for professional competence.
The respondent stated that he has been the subject of only one other prior disciplinary proceeding which involved his personal conduct rather than his professional conduct as a lawyer and resulted in a reprimand. His attorney noted in his argument that his client's expected date of release is in 1993 and asked the court to impose the sanction of suspension rather than disbarment so that he will be able to resume the practice of law upon his release from confinement.
Prior to the enactment of what is now Section 28B of the Practice Book the cases construing prior provisions of the rules governing lawyer discipline raised the question of whether any disciplinary action at all could be imposed upon an attorney who had been convicted of a felony, at least where his appeals from that conviction had not been exhausted. Phillips v. Warden, 220 Conn. 112, 119 n. 5. However, under Section 28B(b) which was in effect at the time of the respondent's trial, the court was expressly empowered to, and in fact did, order an interim suspension at the time of his conviction, pending the final disposition of the presentment based upon the court's guilty finding, which suspension has not since been set aside or modified.
In a disciplinary proceeding based on a criminal conviction, the record of conviction is conclusive evidence of guilt of the crime for which the attorney was convicted. 7 Am.Jur.2d, Attorneys at Law Section 74. Under Section 31(b) of the Practice Book the only issue for the court's determination "in a disciplinary proceeding predicated upon conviction of a felony shall be the extent of the final discipline to be imposed."
Attorneys occupy a unique position as officers and commissioners of the court, and it is by reason of their special relationship with the judiciary that they are subject to disciplinary sanctions should they be found unfit to serve in CT Page 7030 that capacity. Heslin v. Connecticut Law Clinic of Trantolo 
Trantolo, 190 Conn. 510, 524. The conviction of an attorney for a serious crime or crimes demonstrates that he has failed to meet the most important of the conditions for membership in the bar, namely, "that he obey the very laws which he has sworn to uphold." Mitchell v. Association of the Bar of the City of New York, 351 N.E.2d 743, 746 (N.Y. 1976).
The possession and use of controlled substances by an officer and commissioner of the court "adversely affect the public's view that lawyers should be of high moral character." In re Pagano, 2 CSCR 788, 789. Drug dependency and the psychological and emotional problems that contribute to substance abuse may constitute mitigating factors for purposes of disciplinary sanctions; In re Application of Pagano, 207 Conn. 336,345; and correspondingly, the absence of those mitigating factors must be considered by the court in imposing the appropriate disciplinary penalty just as the legislature has done in mandating a minimum five year sentence for a defendant who is not drug dependent thereby manifesting the enhanced "seriousness of the crime . . . in the legislative mind." Grievance Committee v. Broder, 112 Conn. 269, 274.
In the absence of mitigating circumstances, disbarment is generally appropriate when "a lawyer engages in serious criminal conduct, a necessary element of which includes . . . the sale, distribution or importation of controlled substances . . ." ABA Standards for Imposing Lawyer Sanctions, Section 5.11(a) (1986). The court, in making its disciplinary decision in such cases, should be mindful of the fact that our legal system cannot ask the public to voluntarily comply with its standards if lawyers who are involved in disciplinary proceedings based on serious violations of those rules reject their fairness and assert that they are not applicable to their own conduct. In the Matter of Grimes, 326 N.W.2d 380, 383 (Mich. 1982).
For the foregoing reasons, the court finds that the appropriate discipline that should be imposed in this case is that of disbarment, and accordingly, the respondent is disbarred from the practice of law.
Hammer, J.