[645 NYS2d 21]

In the Matter of CHARLES L. FEELY (Admitted as CHARLES LAW-RENCE FEELY), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 11, 1996

### APPEARANCES OF COUNSEL

*Deborah A. Scalise* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Charles L. Feely,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent Charles L. Feely was admitted as Charles Lawrence Feely to the practice of law in the State of New York by the First Judicial Department on January 14, 1985. At all

times pertinent to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

Petitioner Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i), (ii) and (iv) immediately suspending respondent from the practice of law until further order of the Court due to his willful failure to cooperate with the Committee in its investigation, his substantial admissions under oath that he has committed acts of professional misconduct and his willful failure to pay money to a client, which debt is demonstrated by a judgment.

In support of its petition, petitioner has demonstrated that, on August 9, 1995, a judgment in the amount of $1,361,583 was entered against respondent, upon his default in a case entitled *D'Orange v Feely* (94 Civ 4157) in the United States District Court for the Southern District of New York upon a finding that respondent had embezzled funds from a client for whom he held a power of attorney and, after his client's death, had embezzled funds from the estate, of which he had been appointed executor. Subsequently, Queens County Surrogate, in a matter entitled *Judicial Settlement of the Account of the Proceedings of Charles L. Feely as Executor of the Estate of Clarette Otalora* (index No. 2396/94), revoked the Letters Testamentary which appointed respondent executor to the subject estate. The Surrogate also mentioned that during a hearing, respondent admitted that he commingled estate funds with other accounts in violation of SCPA 719 (7).

Respondent has failed to satisfy the aforementioned judgment.

Petitioner also showed that, in a separate matter, it received a complaint alleging that respondent had received funds from an estate on the understanding that he would deposit them into an attorney trust account until final distribution, that he had failed to so deposit the funds and that he never fully accounted for the funds despite repeated requests that he do so and that he made unauthorized payments to himself and others out of the funds totalling approximately $122,500. In response to this complaint, petitioner made repeated attempts to contact respondent and to serve upon him a subpoena requiring that he produce all original files with respect to his representation of this client. Although respondent did in fact respond to a letter of petitioner dated February 1, 1996 by informing petitioner that he had not received the earlier communications and would comply with the subpoena as soon as

he was able to do so, according to petitioner, respondent's eventual compliance with the subpoena was incomplete in that he admittedly failed to turn over all documents relevant to this client.

22 NYCRR 603.4 (e) (1) provides as follows:

"An attorney who is the subject of an investigation, or of charges by the Departmental Disciplinary Committee of professional misconduct, or who is the subject of a disciplinary proceeding pending in this court against whom a petition has been filed pursuant to this section, or upon whom a notice has been served pursuant to section 603.3 (b) of this Part, may be suspended from the practice of law, pending consideration of the charges against the attorney, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding shall be based upon:

"(i) * * * the attorney's failure * * * to comply with any lawful demand of * * * the Departmental Disciplinary Committee made in connection with any investigation * * *

"(ii) a substantial admission under oath that the attorney has committed an act or acts of professional misconduct * * *

"(iv) the attorney's willful failure or refusal to pay money owed to a client, which debt is demonstrated by * * * a judgment."

We find that petitioner has demonstrated that respondent should be suspended under 22 NYCRR 603.4 (e) (1) (iv). The allegations upon which the default judgment in the Southern District are based are very serious, inasmuch as respondent has been found to have misappropriated estate funds. An attorney who embezzles from his client clearly presents a danger to the public. There is no reason, as argued by respondent, that the fact that the judgment was entered upon the attorney's default would disqualify it as a basis for an interim suspension. Moreover, the mere fact that respondent has appealed the judgment, which appeal is still pending, is not a basis for denying the within petition (see, Matter of Mitchell, 40 NY2d 153, 157).

Wherefore, the petition seeking an order pursuant to 22 NYCRR 603.4 (e) (1) (iv) immediately suspending respondent from the practice of law until further order of this Court should be granted.

SULLIVAN, J. P., ELLERIN, RUBIN, ROSS and NARDELLI, JJ., concur.

Motion granted, and respondent is suspended as an attorney and counselor-at-law in the State of New York, effective immediately; cross motion is denied.