[670 NYS2d 417]

In the Matter of CHARLES L. FEELY (Admitted as CHARLES LAWRENCE FEELY), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 26, 1998

**APPEARANCES OF COUNSEL**

*Deborah A. Scalise* of counsel (*Hal R. Lieberman,* attorney), for petitioner.

*Howard Benjamin* of counsel (*Gentile & Benjamin,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Charles L. Feely was admitted, as Charles Lawrence Feely, to the practice of law in the State of New York by the First Judicial Department on January 14, 1985. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

By order entered July 11, 1996 (223 AD2d 78), this Court temporarily suspended respondent pursuant to 22 NYCRR 603.4 (e) (1) (iv) due to his willful failure to pay money to a client, which debt is demonstrated by a judgment.

Petitioner Departmental Disciplinary Committee now seeks an order pursuant to 22 NYCRR 603.4 (d) confirming certain findings of fact and conclusions of law of its Hearing Panel and disbarring respondent.

In support, petitioner has shown that respondent was served with a notice and statement of charges based upon allegations of misconduct by respondent with regard to three matters. The charges alleged that respondent violated Code of Professional Responsibility DR 1-102 (A) (4), (5) and (8); DR 2-106 (A); DR 5-104 (A); DR 5-105 (B); DR 7-102 (A) (4); and DR 9-102 (C) (3) (22 NYCRR 1200.3, 1200.11, 1200.23, 1200.24, 1200.33, 1200.46) in that he converted client funds, charged and collected excessive fees, failed to maintain and account for client funds in his possession, failed to promptly pay or deliver property to his clients, engaged in a conflict of interest by representing two clients with adverse interests in a business transaction, failed to satisfy a client-related judgment and failed to cooperate in the Committee's investigation.

Although respondent served an answer generally denying the charges, he did not appear for the first scheduled hearing and was deemed in default pursuant to 22 NYCRR 605.12 (c) (4). Upon appearing with counsel at a second hearing date, respondent offered no evidence in his behalf and claimed, without evidentiary support, that he was unable to present a defense because of a medical condition. Under these circumstances, the Hearing Panel properly reaffirmed its decision to hold him in default.

We reject respondent's claim, made on cross motion for an order continuing his interim suspension and holding this mat-

ter in abeyance, that he was deprived of an opportunity to meet the charges either because he was not apprised of his rights by petitioner or because he was entitled to a continuance based on his supposed medical condition. Respondent has been afforded every conceivable opportunity to present evidence warranting a continuance and has consistently failed to do so. We also deny his motion insofar as he seeks to now set forth evidence regarding the substance of one of the claims against him. Respondent has had innumerable opportunities to present this evidence in a Federal civil proceeding, a Surrogate's Court proceeding and the instant disciplinary proceeding and has never done so.

The charges against respondent are of an extremely serious nature. As to the first 13 charges, respondent was charged with failing to properly maintain funds he received from his client, as well as from her estate after her death, in a separate account and instead depositing them into his attorney escrow accounts, with failing to maintain proper records concerning these funds, and with failing to account to the Surrogate's Court or, when the matter became the subject of a civil RICO action, to the Federal District Court. Further, it was alleged that respondent made payments from the estate for his own benefit that were excessive and were without approval from the Surrogate or the sole legatee. Subsequently, a judgment in the amount of $1,361,583 was entered against respondent in favor of the legatee in Federal District Court, based on charges that he had converted the funds, which judgment respondent was charged with having failed to satisfy. Finally, as to this complaint, respondent was charged with having submitted false documentation to the Committee in response to its investigations of these matters.

The second complaint charged respondent with having collected an unauthorized and excessive fee of $70,000 in relation to having handled an estate and with additionally having converted $35,000 to his own use from the estate's assets. Respondent was also charged with having charged the estate with a payment of $41,265 allegedly made to a contractor, when he in fact paid the contractor only $7,425, and of having charged the estate with an additional $21,000 for unauthorized "non-estate" work by himself. As to this matter, respondent also failed to cooperate with the Committee by failing to respond to a subpoena duces tecum that had been "so ordered" by this Court requiring him to produce all his original files relevant to the matter.

The final complaint set forth in this proceeding involves respondent's conversion of loan payments made by one client for the benefit of another client pursuant to a loan arranged by respondent in a transaction in which the two clients had clearly differing interests and as to which respondent failed to disclose the true facts to his clients.

In light of respondent's default on the charges related to these three complaints, the charges are deemed admitted. We therefore confirm the Hearing Panel's findings of fact and conclusions of law. In light of respondent's reprehensible conduct, including theft from his clients and blatant betrayal of the trust these clients had placed in him, we also confirm the Panel's recommendation that respondent should be disbarred and ordered to make restitution to his clients pursuant to Judiciary Law § 90 (6-a) (a).

Accordingly, the Panel's findings of fact and conclusions of law are confirmed and respondent is disbarred, effective immediately, and ordered to make restitution to his clients.

SULLIVAN, J. P., ELLERIN, NARDELLI, RUBIN and MAZZARELLI, JJ., concur.

Petition granted, and respondent disbarred from practice as an attorney and counselor-at-law in the State of New York, effective immediately; respondent ordered to make restitution, as indicated. Cross motion for an order continuing respondent's interim suspension and holding this matter in abeyance, and for other relief, is denied in its entirety.