[765 NYS2d 246]

In the Matter of CARLOS H. JENKINS (Admitted as CARLOS HAROLD JENKINS), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 2, 2003

### APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel *(Thomas J. Cahill*, attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the Second Judicial Department on October 13,

1976 as Carlos Harold Jenkins. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

By a superior court information filed in the Supreme Court, New York County, respondent was charged with bribe receiving in the second degree (two counts), in violation of Penal Law § 200.11. The information alleged that on two occasions, from approximately July 1999 to approximately January 2002, respondent acted in concert with State Assemblywoman Gloria Davis, a public servant, and others, in soliciting, accepting and agreeing to accept a benefit valued in excess of $10,000 in return for Gloria Davis's influence as a public servant.

On February 28, 2002, respondent entered a plea of guilty, on both counts, to the reduced crime of attempted bribe receiving in the second degree (Penal Law §§ 110.00, 200.11), a class D felony. On May 23, 2003, respondent was sentenced to 30 days of community service, after which service the court intended to sentence him to a conditional discharge on the adjourned date of September 12, 2003.

The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b), on the ground that he has been automatically disbarred upon his conviction of a felony as defined by Judiciary Law § 90 (4) (e). Respondent has not interposed a response to this petition.

Upon his conviction of a felony under New York law, respondent ceased to be an attorney by operation of law pursuant to Judiciary Law § 90 (4) (a) (*see Matter of Giusti*, 107 AD2d 503 [1985]; *Matter of Cardali*, 260 AD2d 65 [1999]).

Accordingly, the Committee's motion should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective, nunc pro tunc, as of February 28, 2002.

BUCKLEY, P.J., ROSENBERGER, ELLERIN, LERNER and FRIEDMAN, JJ., concur.

Respondent disbarred, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective, nunc pro tunc, as of February 28, 2002.