[784 NYS2d 96]

In the Matter of LARRY E. FEINGOLD (Admitted as LARRY EDWARD FEINGOLD), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 9, 2004

### APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Raymond Vallejo* of counsel), for petitioner.

*Rochman Platzer Fallick Sternheim Luca & Pearl, LLP.* (*Barry M. Fallick* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Larry E. Feingold was admitted to the practice of law in the State of New York by the First Judicial Department on February 7, 1983 as Larry Edward Feingold. At all times pertinent to this proceeding, he was an Administrative Law Judge with New York City's Environmental Control Board and maintained an office within the First Judicial Department.

On February 11, 2003, respondent was charged in an indictment filed in New York County, Supreme Court with reckless endangerment in the first degree (Penal Law § 120.25). He had attempted to commit suicide by closing his windows and turning on the gas stove in his apartment resulting in a gas explosion that injured eight people, shattered windows, and blew out the walls of his apartment. On April 28, 2004, after a nonjury trial, the respondent was found guilty of reckless endangerment in the first degree. As of the return date of this motion, respondent had not yet been sentenced.

The Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys in New York pursuant to Judiciary Law § 90 (4) (b) upon the ground that he has been disbarred upon his conviction of a felony as defined by Judiciary Law § 90 (4) (e). The Committee correctly asserts that respondent's conviction of a New York felony is a basis for automatic disbarment pursuant to Judiciary Law § 90 (4) (a). Respondent's conviction constitutes grounds for disbarment under Judiciary Law § 90 (4) (b) (*see e.g. Matter of Jenkins*, 309 AD2d 186 [2003]). Moreover, the fact that respondent is appealing his conviction is not a basis for a stay of this disciplinary proceeding (22 NYCRR 603.12 [e]; *Matter of Mitchell*, 40 NY2d 153, 157 [1976]), as any disciplinary sanction may be revoked if respondent succeeds on his appeal (*Matter of Miller*, 246 AD2d 35, 36 [1998]).

Accordingly, the petition of the Departmental Disciplinary Committee for the First Judicial Department should be granted, and respondent's name stricken from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (b), effective nunc pro tunc April 28, 2004.

NARDELLI, J.P. MAZZARELLI, SULLIVAN, WILLIAMS and CATTERSON, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to April 28, 2004.