In the Matter of JOSEPH E. RUGGIERO, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, December 7, 1972, republished December 14, 1972.

136

*John G. Bonomi* of counsel (*Michael Ambrosio* with him on the brief), for petitioner.

*Theodore M. Wolkof* for respondent.

*Per Curiam.* On August 17, 1972 respondent was convicted in the United States District Court for the Southern District of New York, after a jury trial, of the crime of making false material declarations before a Grand Jury in violation of section 1623 of title 18 of the United States Code, and was sentenced to three concurrent terms of one year and one day.

The crime for which respondent was convicted is a felony under Federal law, and also is cognizable as a felony under section 210.15 of the New York Penal Law. The fact that pursuant to subdivision (e) of section 1623 of title 18 of the United States Code corroboration is not required in order to establish guilt while corroboration is necessary under the Penal Law (§ 210.50) is immaterial. Corroboration is a procedural device required in order to prove the crime of perjury and does not change the underlying material elements of the crime. The elements required to establish guilt under section 1623, and section 210.15 of the Penal Law are the same in both instances, i.e., the giving of false and material testimony under oath. (*Matter of Kopolsky,* 37 A D 2d 403.)

The provisions of subdivision 4 of section 90 of the Judiciary Law are mandatory. Accordingly, upon respondent's conviction he ceased to be an attorney and counselor at law, and therefore, his name must be stricken from the roll of attorneys. (See *Matter of Sheinman,* 277 App. Div. 39.)

NUNEZ, J. P., McNALLY, TILZER, EAGER and CAPOZZOLI, JJ., concur.

Respondent's name struck from the roll of attorneys and counselors at law in the State of New York.