In the Matter of JEROME RAPOPORT, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, November 30, 1976

*Ronald Eisenman* for petitioner.

*Jay W. Kaufmann (James Breslow* and *Andrew R. Simmonds* with him on the brief), attorney for respondent.

*Per Curiam.* Respondent was admitted to practice at a term of the Appellate Division, First Department, on March 30, 1964. On April 26, 1976 he was convicted on a jury verdict in

the United States District Court, Southern District of New York, of the offenses of false statements on bank loan applications (US Code, tit 18, § 1014), false statements on Small Business Administration applications (US Code, tit 18, §§ 1001 and 1002); and false declarations under oath before a United States District Court (US Code, tit 18, § 1623). On June 10, 1976 respondent was sentenced to a prison term of two years on the false loan application charges and to an additional consecutive one-year prison term on the false declarations before the District Court charge.

In *Matter of Ruggiero* (40 AD2d 135) we held that the Federal and State crimes of perjury (false declarations under oath) are analogous. Respondent does not contend otherwise. Rather, he contends that the automatic disbarment provisions of subdivision 4 of section 90 of the Judiciary Law deprive him of "having the opportunity to challenge evidence of corroboration and, therefore, he has not received as full a hearing as he might have." The fact that under Federal law corroboration is not required in order to establish guilt of perjury while corroboration is necessary under State law is immaterial. That a respondent has not received as full a hearing as he "might have" can be raised in every conceivable case. In *Matter of Ruggiero (supra,* p 136) this court said: "Corroboration is a procedural device required in order to prove the crime of perjury and does not change the underlying material elements of the crime. The elements required to establish guilt [under Federal and State law] are the same in both instances, i.e., the giving of false and material testimony under oath."

Respondent, having been convicted of a felony under Federal law which is also cognizable as a felony under section 210.15 of the New York Penal Law, automatically ceased to be an attorney and counselor at law of the State of New York by virtue of subdivision 4 of section 90 of the Judiciary Law *(Matter of Mitchell,* 48 AD2d 410, affd 40 NY2d 153; *Matter of Ginsberg,* 1 NY2d 144; *Matter of Levin,* 24 AD2d 23).

Respondent's name should be stricken from the roll of attorneys and counselors at law.

MARKEWICH, J. P., LUPIANO, SILVERMAN, LANE and NUNEZ, JJ., concur.

Respondent's name struck from the roll of attorneys and counselors at law in the State of New York.