In the Matter of BERNARD J. COVEN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 29, 1981

### APPEARANCES OF COUNSEL

*James R. Cohen* of counsel *(Michael A. Gentile,* attorney), for petitioner.
*Ira B. Marshall* for respondent.

### OPINION OF THE COURT

*Per Curiam.*

Respondent was admitted to practice at a term of the Appellate Division, First Department, on March 4, 1946, and maintained an office for the practice of law in this Department. On March 27, 1981, respondent was convicted in the United States District Court for the Southern District of New York, of the crimes of conspiracy to commit mail and wire fraud (US Code, tit 18, § 371), mail fraud (US Code, tit 18, § 1341), wire fraud (US Code, tit 18, § 1343), obstruction of justice (US Code, tit 18, § 1503) and making false material declarations under oath before a United States District Court (US Code, tit 18, § 1623). As is here pertinent, respondent was sentenced to a prison term of five years, to run concurrent with another sentence, and a fine of $10,000, on the false declaration charge.

We have previously determined that the Federal perjury crime under which respondent has been convicted (false declaration under oath) is a felony in this State *(Matter of Ruggiero,* 40 AD2d 135; *Matter of Rapoport,* 54 AD2d 404). However, neither *Ruggiero* nor *Rapoport* considered the question of materiality of the false declaration. Respondent contends that the statements made before the District Court would at best constitute the State crime of perjury in the third degree, a misdemeanor. The major distinction between the crimes of perjury in the first degree and perjury in the third degree is that under the latter there is no requirement that the false statement be material. We cannot agree with respondent's conclusion that the false declarations are not material. The false testimony relating to the backdating of the customer agreements was not collateral to the issue presented in the civil case. Respondent's testimony was material and tended directly to prove his knowing participation in this fraudulent scenario.

Respondent also urges that to strike his name from the roll of attorneys at this point would be premature since he is entitled to an exhaustion of appellate remedies. This exact question was previously considered and determined by this court. *(Matter of Mitchell,* 48 AD2d 410.) It was there held that no such privilege existed. Once respondent had been convicted of a crime recognized as a felony in this State, he automatically ceased to be an attorney and counselor at law of the State of New York.

Respondent's name should be stricken from the roll of attorneys and counselors at law.

KUPFERMAN, J. P., BIRNS, SULLIVAN, ROSS and CARRO, JJ., concur.

Respondent's name is stricken from the roll of attorneys and counselors at law in the State of New York.