In the Matter of PATRICK J. CUNNINGHAM, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 18, 1983

APPEARANCES OF COUNSEL

*Howard Benjamin* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*Howard S. Pozmanter* of counsel (*Murray Richman,* attorney), for respondent.

OPINION OF THE COURT

*Per Curiam.*

This is a petition by the Departmental Disciplinary Committee for the First Judicial Department for an order striking respondent's name from the roll of attorneys pursuant to section 90 (subd 4, par b) of the Judiciary Law.

Respondent was admitted to practice on December 9, 1957 in this department. On January 25, 1983 respondent was convicted, on a jury verdict, in the United States District Court for the Southern District of New York of three counts of making false statements, in violation of section 1001 of title 18 of the United States Code; making false statements: income tax, in violation of section 7206 (subd [1]) of title 26 of the United States Code; perjury, in violation of section 1623 of title 18 of the United States Code; and conspiracy to commit perjury, in violation of section 371 of title 18 of the United States Code. Respondent was sentenced to four concurrent three-year terms on the false statement and conspiracy counts and to a consecutive six-month term on the perjury count. In addition, respondent was fined $5,000 on the false statements: income tax count. The judgment has been stayed pending the determination of an appeal.

On July 7, 1983 this court suspended respondent from practice pending determination of the petition and directed respondent to answer the petition.

It is the position of the Disciplinary Committee that violations of sections 1623 and 1001 of title 18 of the United States Code, felonies under Federal law, would, if

committed in this State, constitute felonies under New York law, and that respondent's name should be stricken from the roll of attorneys pursuant to section 90 (subd 4, par b) of the Judiciary Law. Respondent maintains that neither of these Federal felonies are equivalent to the designated New York felonies.

We have held that perjury under section 1623 of title 18 of the United States Code is cognizable as a felony under section 210.15 of the New York Penal Law. (*Matter of Ruggiero,* 40 AD2d 135; *Matter of Rapoport,* 54 AD2d 404; *Matter of Coven,* 83 AD2d 152.)

Respondent contends that "the statement upon which [his] conviction is based was not material to the proceeding" and that "the record of the Federal trial could not have supported a conviction in New York under Penal Law § 210.15." Section 1623 of title 18 of the United States Code provides in pertinent part: "(a) Whoever under oath * * * in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration * * * knowing the same to contain any false material declaration, shall be fined not more than $10,000 or imprisoned not more than five years, or both." Thus in order to sustain a conviction under the Federal statute the element of materiality must be established.

This question, having been resolved against respondent in the Federal action, cannot be relitigated here (see *Matter of Levy,* 37 NY2d 279, 281). While this court did examine the materiality of the allegedly false testimony in *Matter of Coven* (83 AD2d 152, *supra*), we see no necessity for doing so.

Under this analysis it is unnecessary to determine whether the false statement crime of which respondent has been convicted (US Code, tit 18, § 1001) is equivalent to a felony in this State.

Respondent's name should be stricken from the roll of attorneys and counselors at law.

SANDLER, J. P., SILVERMAN, MILONAS, ALEXANDER and LYNCH, JJ., concur.

Respondent's name is struck from the roll of attorneys and counselors at law in the State of New York effective October 18, 1983.