In the Matter of MARIO BIAGGI, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 6, 1989

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman, Acting Chief Counsel,* as attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Mario Biaggi was admitted to the practice of

law by this court on June 22, 1967. At the time that he committed the acts which formed the basis for the Federal offenses relevant herein, respondent was a member of the United States House of Representatives, representing the Nineteenth Congressional District and maintained an office within this judicial department.

Petitioner Departmental Disciplinary Committee applies, pursuant to Judiciary Law § 90 (4) (b), for an order striking respondent's name from the roll of attorneys upon the ground that respondent is a disbarred attorney as a result of his conviction in the United States District Court for the Southern District of New York of, *inter alia,* receiving a bribe (18 USC § 201 [c]) (two counts) and of making a false declaration before a Grand Jury (18 USC § 1623). The petitioner contends that these Federal felonies would have been classified as felonies if charged under the laws of this State.

By order entered September 15, 1988, this court temporarily suspended respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f) as a result of his November 5, 1987 convictions in the United States District Court for the Eastern District of New York of, *inter alia,* bribery of a public official (18 USC § 291 [g] [current version § 201 (c) (1) (B)]), interstate travel in aid of racketeering enterprises (18 USC § 1952) and obstruction of justice (18 USC § 1503) (three counts) *(convictions affirmed United States v Biaggi,* 853 F2d 89 [2d Cir 1988], *cert denied* — US —, 103 L Ed 2d 581 [1989]). This court determined that such crimes are "serious crimes" within the meaning of Judiciary Law § 90 (4) (d) and directed that respondent show cause why a final order of discipline should not be entered. (Judiciary Law § 90 [4] [g]; *see, Matter of Biaggi,* 141 AD2d 1 [1st Dept 1988].) However, we subsequently granted a request by respondent to temporarily hold that directive in abeyance until the instant motion was decided.

Unrelated to the aforementioned prosecution and convictions, on or about August 4, 1988, the respondent was found guilty following a jury trial in the United States District Court for the Southern District of New York, under indictment No. 87-265, of aiding a racketeering enterprise (18 USC §§ 1961, 1962, 1963) (count one); conspiring to aid a racketeering enterprise (18 USC §§ 1961, 1962) (count two); extortion (18 USC §§ 1951, 1952) (count three); receiving a bribe (18 USC § 201 [c]) (counts four and eleven); receiving a bribe (18 USC § 201 [g]) (count five); mail fraud (18 USC §§ 1341, 1342) (counts six and twelve); submitting false writings in violation

of the "Ethics in Government Act" (18 USC § 1001) (counts seven, eight and nine); extortion (18 USC §§ 1951, 1952) (count ten); filing a false income tax return (26 USC § 7206 [1]) (counts fourteen and fifteen); and perjury (18 USC § 1623) (count eighteen).

On November 18, 1988 respondent was sentenced on each count, with the various terms of imprisonment imposed running concurrently and effectively resulting in a term of imprisonment of eight years. The fines and assessments imposed pursuant to these sentences totaled $750,000.

By the instant notice of petition and petition, dated January 11, 1989, the Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys on the ground that respondent's convictions of receiving a bribe in violation of 18 USC § 201 (c) and of making a false declaration before a Grand Jury in violation of 18 USC § 1623 constitute felony convictions under New York State law. The Committee contends, therefore, that by virtue of said convictions respondent has been automatically disbarred. (Judiciary Law § 90 [4] [a].)[1]

Conviction of a Federal felony does not trigger automatic disbarment unless the offense would constitute a felony offense under New York law. (Judiciary Law § 90 [4] [a], [e].) "For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity". (Matter of Margiotta, 60 NY2d 147, 150 [1983]; see also, Matter of Cahn, 52 NY2d 479, 482 [1981].)

The crime of receiving a bribe, was defined by 18 USC § 201 (c), as follows:[2]

"Whoever, being a public official or person selected to be a

---

1. Although counsel for the respondent was served with the notice of petition and petition on January 17, 1989, no response to the petition has been interposed.

2. 18 USC § 201, by amendment effective December 1986, was restructured without substantive changes as here pertinent. Paragraph (1) of subdivision (c) was redesignated as clause (A), paragraph (2) of subdivision (b) to read as follows:

"§ 201. Bribery of public officials and witnesses * * *

"(b) Whoever * * *

"(2) being a public official or person selected to be a public official, directly or indirectly, corruptly demands, seeks, receives, accepts, or agrees to receive or accept anything of value personally or for any other person or entity, in return for:

"(A) being influenced in the performance of any official act".

public official, directly or indirectly, corruptly asks, demands, exacts, solicits, seeks, accepts, receives or agrees to receive anything of value for himself or for any other person or entity, in return for:

"(1) being influenced in his performance of any official act".

18 USC § 201 (c) has a direct analogue in bribe receiving in the third degree, defined by section 200.10 of the New York Penal Law in this manner:

"A public servant is guilty of bribe receiving in the third degree when he solicits, accepts or agrees to accept any benefit from another person upon an agreement or understanding that his vote, opinion, judgment, action, decision or exercise of discretion as a public servant will thereby be influenced.

"Bribe receiving in the third degree is a class D felony."

As 18 USC § 201 (c) is "essentially similar" to New York Penal Law § 200.10, respondent's conviction of same is a predicate for automatic disbarment pursuant to Judiciary Law § 90 (4) (a). (See, Matter of Biaggi, 141 AD2d, supra, at 3.)

The Federal felony, false declaration before a Grand Jury, is defined by 18 USC § 1623 as follows: "(a) Whoever under oath (or in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information, including any book, paper, document, record, recording, or other material, knowing the same to contain any false material declarations, shall be fined no more than $10,000 or imprisoned not more than five years, or both." New York Penal Law § 210.15 states:

"A person is guilty of perjury in the first degree when he swears falsely and when his false statement (a) consists of testimony, and (b) is material to the action, proceeding or matter in which it is made.

"Perjury in the first degree is a class D felony."

This court has previously recognized that the Federal felony defined by 18 USC § 1623 has direct analogue in New York Penal Law § 210.15. (See, Matter of Cunningham, 96 AD2d 1, 3 [1st Dept 1986]; Matter of Coven, 83 AD2d 152, 153 [1st Dept 1981]; Matter of Rapoport, 54 AD2d 404, 405 [1st Dept 1976].)

Accordingly, respondent's name shall be stricken from the roll of attorneys, forthwith.

KASSAL, J. P., ROSENBERGER, WALLACH and SMITH, JJ., concur.

Respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York forthwith.