In the Matter of STANLEY SIMON, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 9, 1989

## APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman, Acting Chief Counsel,* attorney), for petitioner.

*Charles Haydon* of counsel *(Dublirer, Haydon, Straci & Victor,* attorneys), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent, Stanley Simon, was admitted to the practice of law in New York by the First Judicial Department on December 2, 1952. At the time of the commission of the acts for which he was convicted, respondent was the Borough President of Bronx County and maintained an office within the First Judicial Department.

On or about August 4, 1988, respondent was found guilty, after a jury trial in the United States District Court for the Southern District of New York, of aiding a racketeering enterprise in violation of 18 USC §§ 1961, 1962 and 1963 (count 1); conspiring to aid a racketeering enterprise in violation of 18 USC §§ 1961, and 1962 (count 2); extortion in violation of 18 USC §§ 1951 and 1952 (counts 19-21); receiving a bribe in violation of 18 USC § 201 (c) (count 11); mail fraud in violation of 18 USC §§ 1341 and 1342 (count 12); perjury in violation of 18 USC § 1623 (count 22); and filing a false income tax return in violation of 26 USC § 7201 (count 23).

On November 18, 1988, respondent was sentenced to five years' imprisonment and a fine of $10,000 on each of counts 1, 2, 19, 20 and 21; and two years' imprisonment and a fine of $10,000 on each of counts 22 and 23. All the terms of imprisonment were imposed concurrently, and the fines cumulatively, for a total period of incarceration of five years and a total fine of $70,000. In addition, respondent was assessed $50 on each count.

By notice of petition and petition dated January 11, 1989, the Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b), on the ground that respondent's Federal felony conviction on the charge of giving a false declaration before a Grand Jury in violation of 18 USC § 1623, is an offense which, if committed in New York, would constitute perjury in the first degree, Penal Law § 210.15, a class D felony. As such, it is the Committee's position that respondent has been automatically disbarred pursuant to Judiciary Law § 90 (4) (a), and that his name should be stricken from the roll of attorneys.

Respondent does not contest that Penal Law § 210.15 is essentially similar to the giving of a false declaration before a Grand Jury in violation of 18 USC § 1623. Indeed, this is well established. *(See, e.g., Matter of Cunningham,* 96 AD2d 1; *Matter of Coven,* 83 AD2d 152; *Matter of Rapoport,* 54 AD2d 404.)* However, counsel for respondent states that respondent is presently appealing his convictions, and that the application of Judiciary Law § 90 (4) (a) to provide for the automatic disbarment of an attorney who has been convicted of a felony, prior to the resolution of his appeal, constitutes deprivation of the attorney's property without due process of law. Counsel accordingly urges that the instant petition be denied, and that respondent be suspended from the practice of law until further order of this court, to be entered upon the resolution of the appeal.

Respondent's claim of unconstitutionality in the automatic disbarment provision of Judiciary Law § 90 (4) (a) has specifically been rejected by the Court of Appeals. *(See, Matter of Mitchell,* 40 NY2d 153, 156.)* That the Legislature intended automatic disbarment irrespective of the pendency of an appeal is evidenced by the unequivocal language of Judiciary Law § 90 (4) (a): "Any person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall *upon such conviction,* cease to be an attorney and counsellor-at-law, or to be competent to practice law as such" (emphasis added). Moreover, Judiciary Law § 90 (5), which provides for the vacatur or modification of the disbarment if the conviction is subsequently reversed or pardoned, further evidences the Legislature's rejection of an alternative to automatic disbarment, and establishes that an automatically disbarred attorney is not without recourse in the event of a successful appeal.

Accordingly, respondent's request that he be suspended pending determination of his appeal from the felony convictions is denied. The petition, therefore, should be granted and respondent's name is stricken from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) on the ground that his Federal felony conviction for a violation of 18 USC § 1623 is analogous to a conviction under Penal Law § 210.15, and that by reason of said conviction, he has been automatically disbarred pursuant to Judiciary Law § 90 (4) (a) and (e).

KUPFERMAN, J. P., CARRO, KASSAL, WALLACH and SMITH, JJ., concur.

Respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York effective May 9, 1989.