In the Matter of Lewis Novod, an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, April 10, 1990

### APPEARANCES OF COUNSEL

*Polly M. Puner* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Lewis Novod,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent Lewis Novod was admitted to the practice of

law in New York by this court on February 14, 1972, and has at all relevant times maintained an office for the practice of law, in the First Judicial Department. On or about September 26, 1989, respondent was found guilty, after a jury trial in the United States District Court for the Southern District of New York, of seven counts of perjury before a Federal Grand Jury, in violation of 18 USC § 1623; seven counts of wire fraud, in violation of 18 USC § 1343; six counts of mail fraud, in violation of 18 USC § 1341; and one count of conspiracy to commit mail and wire fraud, in violation of 18 USC § 371. On December 5, 1989, respondent was sentenced to 10 months in prison, with execution stayed pending appeal; three years' probation, with confinement to home for the first six months; a fine of $3,000; and a special assessment of $50 for each of the 21 counts on which he was convicted.

Petitioner Departmental Disciplinary Committee moves to strike respondent's name from the roll of attorneys on the ground that the Federal felony of perjury under 18 USC § 1623 has a direct analogue in New York Penal Law § 210.15, a crime classified as a felony, and that a conviction under 18 USC § 1623 therefore results in automatic disbarment pursuant to Judiciary Law § 90 (4) (a). Opposing the application, respondent, pointing to statements made by the Trial Judge that his conviction on the mail and wire fraud counts, and conspiracy to commit same, presents a "classic issue on appeal", argues that a reversal thereof would at a minimum require a new trial on the perjury counts since the alleged perjurious statements are "intertwined" with the alleged mail and wire fraud allegations. Noting that execution of his prison sentence was stayed pending appeal and positing a likelihood of success thereon, respondent asks this court to either postpone this application pending the appeal, or, in the alternative, to suspend, rather than disbar, him from the practice of law pending the appeal.

We have repeatedly held that 18 USC § 1623 has a direct analogue in New York Penal Law § 210.15 (e.g., *Matter of Simon,* 146 AD2d 393; *Matter of Cunningham,* 96 AD2d 1; *Matter of Coven,* 83 AD2d 152), and that disbarment is not forestalled by an appeal from a conviction of this Federal felony *(Matter of Simon, supra; Matter of Coven, supra),* or any other felony as defined by Judiciary Law § 90 (4) (e). Under Judiciary Law § 90 (4) (a), an attorney convicted of a felony ceases to be an attorney by operation of law immediately upon entry of a judgment of conviction in the trial court *(Matter of*

*Simon, supra).* A subsequent proceeding pursuant to Judiciary Law § 90 (4) (b) to strike his name from the roll of attorneys is a mere formality that serves only to record the fact of a disbarment that has already occurred *(Matter of Barash,* 20 NY2d 154). This fact is not altered by the taking of an appeal *(Matter of Mitchell,* 40 NY2d 153). Put otherwise, the relief respondent requests is beyond the power of the court to grant *(Matter of Biaggi,* 146 AD2d 148). Respondent's recourse is to await a successful appeal, at which point he may apply for an order pursuant to Judiciary Law § 90 (5) vacating or modifying his disbarment *(supra; Matter of Simon, supra).*

Accordingly, the petition is granted and respondent's name stricken from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b).

Ross, J. P., Carro, Asch, Ellerin and Wallach, JJ., concur.

Respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York forthwith.