In the Matter of JOSEPH P. NAPOLI, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 27, 1992

**APPEARANCES OF COUNSEL**

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Joseph P. Napoli,* respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

The respondent was admitted to the practice of law in New York by the Second Judicial Department on December 18, 1967. At all times relevant herein, the respondent maintained an office for the practice of law within the First Judicial Department. The respondent was convicted, after a jury trial

in the United States District Court for the Eastern District of New York, of violating 18 USC §§ 1961 and 1962 (c) in that he bribed a witness and conspired to commit racketeering acts.

The charges arose out of the respondent's activities as a trial attorney for the Morris J. Eisen law firm and alleged that he and other individuals engaged in a pattern of racketeering activities to ensure that the firm would recover large damage awards or settlements in personal injury lawsuits from civil defendants and their liability insurance companies by, *inter alia,* bribing witnesses to influence their testimony.

On September 13, 1991, the respondent was sentenced to concurrent terms of imprisonment of 46 months' and two years' probation on each count. He was also fined $75,000, assessed $100 and ordered to forfeit $30,000. The petitioner seeks to have the respondent's name stricken from the roll of attorneys on the ground that he was automatically disbarred upon conviction of a felony offense pursuant to Judiciary Law § 90 (4).

By cross motion dated November 12, 1991, the respondent seeks an order granting him a hearing and an order delaying any decision on the petitioner's petition pending determination of his appeal of his criminal conviction. He maintains that a hearing is necessary to demonstrate that the facts of the case and the law as charged by the trial court do not satisfy the automatic disbarment requirements contained in the Judiciary Law.

A conviction of a Federal felony triggers automatic disbarment pursuant to Judiciary Law § 90 (4) (a) only if the offense constitutes a felony under New York law (Judiciary Law § 90 [4] [e]). Under count one of the indictment, the respondent was convicted of two racketeering acts of willfully and knowingly bribing a witness, in violation of New York Penal Law § 215.00 (a). Bribing a witness in violation of Penal Law § 215.00 (a) is a class D felony. Accordingly, the respondent ceased to be an attorney by operation of law upon his conviction pursuant to Judiciary Law § 90 (4) (a).

Contrary to the respondent's contention, there is no procedure under Judiciary Law § 90 (4) or the rules of this court which authorizes a hearing once an attorney has been convicted of a felony. The petition for automatic disbarment is simply a formality which seeks an order memorializing the disbarment which occurred upon conviction. Nor is the respondent entitled to a delay of this disciplinary proceeding

because of his pending appeal and motion for a new trial *(Matter of Mitchell,* 40 NY2d 153). Should the respondent's conviction be reversed, he may petition this court to vacate his disbarment (Judiciary Law § 90 [5] [a]).

Accordingly, the petitioner's motion is granted, the respondent's cross motion is denied and the respondent's name shall be removed from the roll of attorneys and counselors-at-law, forthwith.

CARRO, J. P., MILONAS, ROSENBERGER, ELLERIN and SMITH, JJ., concur.

Petition granted, respondent's cross motion denied, and respondent's name struck from the roll of attorneys and counselors-at-law in the State of New York, effective February 27, 1992.