In the Matter of FRANK J. DESALVO (Admitted as FRANK JOSEPH DESALVO), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 20, 1993

## APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Paul B. Bergman* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, Frank J. DeSalvo, was admitted to the practice of law in the State of New York by the Second Judicial Department on June 25, 1969, under the name Frank Joseph

DeSalvo. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

By petition dated January 12, 1993, the Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), on the ground that respondent has been automatically disbarred, as a consequence of his conviction of a Federal felony, for conduct that would constitute a felony under the laws of the State of New York.

The charges returned against respondent in an indictment filed in the United States District Court for the Eastern District of New York, were: perjury, in violation of 18 USC § 1623 (a) and § 3551 (counts 1, 3, 5, 7, 9, 11); obstruction of justice, in violation of 18 USC § 1503 (counts 2, 4, 6, 8, 10, 12); and intimidation of witnesses, in violation of 18 USC § 1503 (counts 2, 4, 6, 8, 10, 12).

Following a jury trial, respondent was convicted, on October 29, 1992, of counts 1 through 6 and 11 and 12, which charges stemmed from his having given false testimony before a Grand Jury investigating the law firm of Morris J. Eisen for fraud and subornation of perjury in connection with personal injury litigation. As of this writing, he has not been sentenced.

In seeking an order the Committee states that respondent's conviction of perjury is a proper predicate for automatic disbarment, because it has been held numerous times that the offense of perjury under 18 USC § 1623 is "essentially similar" to the offense of perjury under Penal Law § 210.15, a class D felony *(see, Matter of Novod,* 156 AD2d 82; *Matter of Simon,* 146 AD2d 393; *Matter of Cunningham,* 96 AD2d 1). In opposition, respondent requests that this Court stay determination of this motion until the decision by the Second Circuit Court of Appeals on respondent's anticipated appeal.

In light of respondent's conviction for violation of a Federal statute for conduct which has been held to violate a New York statute, he is automatically disbarred pursuant to Judiciary Law § 90 (4) (a), and is not entitled to a delay of this proceeding on the basis of an intention to appeal *(see, Matter of Mitchell,* 40 NY2d 153, 157; *Matter of Napoli,* 177 AD2d 135).

Accordingly, the petition of the Departmental Disciplinary Committee should be granted, and respondent's name stricken from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b).

SULLIVAN, J. P., WALLACH, KUPFERMAN, KASSAL and RUBIN, JJ., concur.

Application to strike respondent's name from the roll of attorneys and counselors-at-law in the State of New York granted, effective April 20, 1993.