[635 NYS2d 589]

In the Matter of LIJYASU M. KANDEKORE, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 19, 1995

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Lijyasu M. Kandekore,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent Lijyasu M. Kandekore was admitted to the practice of law in the State of New York by the Second Judicial Department on June 21, 1989. At all times pertinent to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

Pursuant to Judiciary Law § 90 (4) (b), petitioner, the Departmental Disciplinary Committee for the First Judicial Department, seeks to have respondent's name stricken from the roll of attorneys based on his conviction of a felony as defined in Judiciary Law § 90 (4) (e). In pertinent part, Judiciary Law § 90 (4) (e) defines a felony as follows: "For purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state". Furthermore, Judiciary Law § 90 (4) (a) provides that an attorney who is convicted of a felony as defined in paragraph (e) ceases to be an attorney or to be competent to practice law upon such conviction.

Here, respondent was convicted after a jury trial in the Supreme Court of the State of New York, Westchester County, of assault in the second degree, in violation of Penal Law § 120.05 (3), resisting arrest, in violation of Penal Law § 205.30, and driving while ability impaired, in violation of Vehicle and Traffic Law § 1192. Respondent was sentenced for these offenses on April 28, 1995. Although the latter two offenses are non-felonies, assault in the second degree is a class D violent felony under the Penal Law. Thus, respondent ceased to be an attorney by operation of law upon his conviction of this crime (Judiciary Law § 90 [4] [a]). Respondent's claim that the automatic disbarment provision of Judiciary Law § 90 (4) (a) is unconstitutional has previously been rejected by the Court of Appeals and this Court (*Matter of Mitchell*, 40 NY2d 153, 156; *Matter of Simon*, 146 AD2d 393, 395) and we are unpersuaded that those holdings require reexamination.

Accordingly, the petition of the Departmental Disciplinary Committee for the First Judicial Department should be granted, and respondent's name stricken from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b).

SULLIVAN, J. P., WALLACH, RUBIN, ASCH and MAZZARELLI, JJ., concur.

Petition granted, and respondent's name directed to be stricken from the roll of attorneys and counselors-at-law in the State of New York, effective December 19, 1995.