[705 NYS2d 585]

In the Matter of Arthur L. Chianese (Admitted as Arthur Louis Chianese), an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, April 20, 2000

**APPEARANCES OF COUNSEL**

*Jorge Dopico* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Richard Supple* of counsel (*Beldock Levine & Hoffman, L. L. P.,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, Arthur L. Chianese, was admitted to the practice of law in New York State by the First Judicial Department on July 6, 1987, as Arthur Louis Chianese. He is also admitted to the practice of law in New Jersey. Respondent has not maintained a law office nor practiced law in New York; however, the Departmental Disciplinary Committee (the Committee) has jurisdiction over misconduct committed by respondent elsewhere, pursuant to 22 NYCRR 603.1.

On March 20, 1997, following a jury trial in Monmouth County, New Jersey, respondent was found guilty of third-degree perjury; third-degree attempted theft by deception; fourth-degree forgery; and fourth-degree forgery by uttering. Respondent's conviction arose out of a civil dispute between himself and a former client with whom he contended he had a brokerage contract (or retainer agreement) whereby he was to be compensated for his efforts to find a buyer for his client's business. A dispute arose regarding respondent's payment which resulted in his instituting a civil suit against his former client in which he falsely claimed that his client owed him $42,125. In furtherance of the action, respondent filed an affidavit and a brokerage agreement, the latter purportedly signed by his client, but, in fact, the signature had been forged by respondent.

On April 25, 1997, respondent was sentenced to concurrent probationary terms of two years with a special condition that he perform 200 hours of community service and pay a $3,000 fine.[1]

On March 11, 1999, the Supreme Court of New Jersey adopted the decision and recommendation of the Disciplinary Review Board of the Supreme Court of New Jersey and suspended respondent from the practice of law for three years retroactive to April 3, 1997, the date he was temporarily suspended from the practice of law in New Jersey pending final disposition of the disciplinary investigation.

By reason of respondent's conviction and pursuant to Judiciary Law § 90 (4) (b) and (e), the Committee has brought the instant petition seeking an order striking respondent's name from the roll of attorneys on the ground that respondent was automatically disbarred in New York when he was convicted in

---

1. Respondent's conviction was affirmed by the New Jersey Appellate Division on January 28, 1998.

New Jersey of third-degree perjury. In opposition, respondent contends that the petition for automatic disbarment should be dismissed because none of the New Jersey offenses for which he was convicted were New Jersey "felonies." Rather, because his crimes involve elements of "bribery," respondent maintains that they constitute "serious crimes" pursuant to Judiciary Law § 90 (4) (d), as to which a hearing must be ordered before this Court can impose a disciplinary sanction.

Judiciary Law § 90 (4) provides for the automatic disbarment of an attorney convicted of a felony. A felony committed in another State which would not be classified as a felony in New York is a "serious crime" (Judiciary Law § 90 [4] [d]) and subjects an attorney so convicted to temporary suspension (section 90 [4] [f]) and ultimately, following a hearing, to a final order of suspension, censure or removal from office (section 90 [4] [g]). The central issue is whether there is " 'essential similarity' " between the statute under which the lawyer was convicted and a New York felony statute (*Matter of Johnston*, 75 NY2d 403, 406).

Although respondent was convicted of various third and fourth-degree offenses, New Jersey does not categorize crimes as "felonies" or "misdemeanors." However, any third-degree crime in New Jersey can be equivalent to a New York felony, because the offender may receive a term of imprisonment for a period greater than one year.[2] Respondent contends that because New Jersey law requires that its courts apply a presumption of non-incarceration to a first-time offender (NJ Stat Annot § 2C:44-1 [e]) and, in his case, the State did not overcome this presumption, his criminal offenses cannot be classified as a "felony" as a matter of law. This contention is meritless. While it is true that the New Jersey court weighed the aggravating factors against those in mitigation in deciding against incarceration, the fact remains that a person convicted of a crime in the third degree in New Jersey may be sentenced to a term of imprisonment between three and five years. Thus, respondent's convictions under New Jersey Statutes Annotated § 2C:28-1 (third-degree perjury) and §§ 2C:5-1 and 2C:20-4 (third-degree attempted theft by deception) were convictions for felonies, as defined in New York for purposes of Judiciary Law § 90 (4) (e).

---

2. New York defines a "felony" as "an offense for which a sentence to a term of imprisonment in excess of one year may be imposed" (Penal Law § 10.00 [5]).

With regard to the issue of the similarity between the New Jersey offense and any New York offense, third-degree perjury (NJ Stat Annot § 2C:28-1) bears "essential similarity" to the New York felonies of perjury in the first and second degree (Penal Law §§ 210.15, 210.10). Additionally, New York shares with New Jersey the "two witness" rule, for corroborating evidence of falsity, as a condition precedent to a perjury conviction (*see*, Penal Law § 210.50; NJ Stat Annot § 2C:28-1 [e]). Thus, automatic disbarment is appropriate in this case.

Finally, while it is a generally accepted principle that the State where an attorney lived or practiced law at the time of the offense has the greatest interest in a disciplinary matter (*see*, *Matter of Thomas*, 239 AD2d 27), this proceeding is not based on the reciprocal discipline doctrine and, in this State, misconduct similar to respondent's has been held to warrant disbarment (*see*, *Matter of Linney*, 242 AD2d 125 [attorney, who practiced law in North Carolina and was convicted there of embezzlement and perjury, is subject to automatic disbarment provisions of Judiciary Law § 90]; *see also*, *Matter of DeSalvo*, 189 AD2d 322 [automatic disbarment proper where respondent convicted in Federal court of perjury, obstruction of justice and intimidation of witnesses]).

Accordingly, we find that upon his New Jersey conviction, respondent ceased to be entitled to practice law in this State, and the petition should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law.

WILLIAMS, J. P., ELLERIN, LERNER, ANDRIAS and FRIEDMAN, JJ., concur.

Petition granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, as indicated.