Matter of O'Donnell (2025 NY Slip Op 04294)

Matter of O'Donnell

2025 NY Slip Op 04294

Decided on July 24, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 24, 2025

PM-158-25
[*1]In the Matter of Matthew Joseph O'Donnell, an Attorney. (Attorney Registration No. 2754927.)

Calendar Date:June 23, 2025

Before:Egan Jr., J.P., Pritzker, Reynolds Fitzgerald, Fisher and Powers, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Calcagni Kanefsky LLP, Newark, New Jersey (Thomas R. Calcagni of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 1996, following his 1994 admission in New Jersey, where he most recently resided and maintained a law firm. In October 2021, respondent pleaded guilty in New Jersey to the crime of tampering with public records or information in the third degree (see NJ Stat Ann § 2C:28-7 [a] [2]).[FN1] Those charges stemmed from respondent's involvement in a corruption scheme. By February 2022 order, the Supreme Court of New Jersey indefinitely suspended respondent in that state pending final resolution of the ethics proceeding based upon his October 2021 plea. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now accordingly moves for an order striking respondent's name from the roll of attorneys, nunc pro tunc to the date of his guilty plea in New Jersey on the basis that the conviction constituted felonious conduct resulting in his automatic disbarment in this state (see Judiciary Law § 90 [4] [a], [b]; Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.12 [c] [1]; Rules of App Div, 3d Dept [22 NYCRR] § 806.12). Respondent consents to the relief requested in AGC's motion.
Judiciary Law § 90 (4) (e) defines a felony as "any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state." Notably, "an attorney convicted of a felony in a foreign jurisdiction that is essentially similar to a New York felony is automatically disbarred" (Matter of Ferriero, 172 AD3d 1698, 1699 [3d Dept 2019] [internal quotation marks, brackets and citation omitted]). While "[t]he predicate foreign felony need not be a 'mirror image' of the New York felony," it "must have 'essential similarity,' which is determined through a comparison of the language of the applicable statutes along with any precedent pertaining to the foreign felony at issue" (Matter of Hand, 164 AD3d 1006, 1007-1008 [3d Dept 2018], quoting Matter of Margiotta, 60 NY2d 147, 150 [1983]). A conviction for a crime of the third degree in New Jersey — although not categorized as either a "felony" or "misdemeanor" — carries a term of imprisonment greater than one year and can be equivalent to a New York felony (see Matter of Tobias, 210 AD3d 1181, 1182 n 1 [3d Dept 2022]; Matter of Chianese, 269 AD2d 87, 89 [1st Dept 2000]; see also Penal Law § 10.00 [5]; NJ Stat Ann § 2C:43-6).
We recently considered this precise issue in the context of respondent's law partner's involvement in this same corruption scheme (see Matter of Valandingham, 207 AD3d 989, 989-990 [3d Dept 2022]). Therefore, under the facts presented herein, we conclude that respondent's conviction for the New Jersey crime of tampering with public records or information in the third degree (see NJ Stat Ann § 2C:28-7 [a] [2])[FN2] is specifically analogous to the New [*2]York class D felony of tampering with public records in the first degree (see Penal Law § 175.25),[FN3] so as to warrant his automatic disbarment in this state pursuant to Judiciary Law § 90 (4) (b) (see Matter of Young, 232 AD3d 1109, 1111 [3d Dept 2024]; Matter of Nazor, 228 AD3d 1058, 1059-1060 [3d Dept 2024]). Accordingly, we grant AGC's motion to strike respondent's name from the roll of attorneys nunc pro tunc to October 25, 2021 (see Matter of Valandingham, 207 AD3d at 990; Matter of Hand, 164 AD3d at 1009).
Egan Jr., J.P., Pritzker, Reynolds Fitzgerald, Fisher and Powers, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective nunc pro tunc to October 25, 2021; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15).

Footnotes

Footnote 1: Respondent also pleaded guilty to the New Jersey crime of misconduct by a corporate official in the second degree (see NJ Stat Ann § 2C:21-9 [c]).

Footnote 2: The New Jersey crime of tampering with public records or information in the third degree requires that the defendant, with the "purpose . . . to defraud" (NJ Stat Ann § 2C:28-7 [b]), "[m]akes, presents, offers for filing, or uses any record, document or thing knowing it to be false, and with [the] purpose that it be taken as a genuine part of information or records" (NJ Stat Ann § 2C:28-7 [a] [2]).

Footnote 3: Relevantly, a person "is guilty of tampering with public records in the first degree when, knowing that he [or she] does not have the authority of anyone entitled to grant it, and with intent to defraud, he [or she] knowingly . . . makes a false entry in or falsely alters any record or other written instrument filed with, deposited in, or otherwise constituting a record of a public office or public servant"(Penal Law § 175.25).